UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEYTER LANDIN-HERNANDEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 25-12889-LTS |
| | ) |
| ANTONE MONIZ et al., | ) |
| | ) |
| Respondents. | ) |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

October 23, 2025

SOROKIN, J.

On October 3, 2025, Heyter Landin-Hernandez filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1. He alleged he had spent more than six months in immigration detention and was entitled to release under the Fifth Amendment and 8 U.S.C. § 1231, invoking Zadvydas v. Davis, 533 U.S. 679 (2001). Landin-Hernandez conceded he is subject to a final order of removal but argued his removal was not reasonably foreseeable.[1]

The respondents answered the petition on October 16, 2025, and urged the Court to deny it. Doc. No. 9. In support, they explained that efforts were underway to arrange for Landin-Hernandez's removal to a third country (Mexico) because removal to his country of origin (Cuba) was not possible. Cf. Doc. No. 1 ¶ 27 (describing notice Landin-Hernandez received

---

[1] Landin-Hernandez came to the United States from Cuba in 2002. Doc. No. 1 ¶ 17. He was ordered removed to Cuba in 2006, but his removal could not be effectuated due to "the lack of diplomatic relations between Cuba and the United States." Id. ¶ 19. For nearly two decades after his order of removal issued, Landin-Hernandez lived and worked in the United States under the supervision of immigration authorities. Id. ¶¶ 17, 19. Six of his children are United States citizens. Id. ¶ 17. He was detained by immigration officers in March 2025 and has been in custody ever since. Id. ¶ 20.

regarding intent to remove him to Mexico).  An interview was scheduled for October 17, 2025, to assess Landin-Hernandez's claim that he feared torture or persecution if removed to Mexico. Doc. No. 9-1 ¶ 23.  According to the respondents, Landin-Hernandez would be promptly removed to Mexico if the interviewing officer determined he had not established a credible fear. See id. ¶¶ 24–27 (stating Mexico accepts Cuban nationals and more than a thousand Cuban nationals have been removed from the United States to Mexico this year).

Based on these representations, the Court directed the respondents to provide an update following the interview.  Doc. No. 10.  On October 20, 2025, they did so.  Doc. No. 11.  The status report and supporting documents reflect that the interviewing officer found Landin-Hernandez had not established a credible fear of torture or persecution in Mexico.  Doc. No. 11-1.  The respondents further notified the Court that, as a result of this determination, arrangements have been made to move Landin-Hernandez to Arizona, beginning with his departure from Massachusetts on October 24, 2025, and culminating in his removal to Mexico on October 27, 2025.  Doc. No. 11-2 ¶¶ 6–10.  Landin-Hernandez has made no further filings in this case.

In light of the foregoing, the Court finds on the record before it that Landin-Hernandez's removal is not only reasonably foreseeable, but imminent.  This finding dooms his claim to relief under Zadvydas.  His habeas petition (Doc. No. 1) is therefore DENIED, and the Court's prior Order staying his transfer and removal (Doc. No. 4) is hereby LIFTED.  The respondents shall file a notice by October 30, 2025, confirming that Landin-Hernandez's removal has occurred as planned (or, if it has not occurred, explaining why and how the plans changed).

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge